UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD SCHMIDT, on behalf of himself and others similarly situated, | Case No.: 1:09−cv−02752 |
| Plaintiff, | |
| | Honorable Ruben Castillo |
| v. | |
| SMITH & WOLLENSKY LLC | |
| Defendant. | |

**JOINT INITIAL STATUS REPORT**

The parties[1] respectfully submit the following Initial Status Report pursuant to this Court's Standing Order regarding initial status hearings:

**1.   Nature of the Case**

This lawsuit arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1, *et seq.*, for Defendant's alleged failure to pay Plaintiff and other similarly-situated employees their earned minimum wages, overtime pay and other compensation. Plaintiff and the proposed classes he seeks to represent are current and former employees of Defendant, working as servers, bartenders, hosts, and other tipped employees.

Plaintiff alleges that Defendant paid its tipped employees sub-minimum hourly wages under the tip-credit provisions of the IMWL and FLSA. Those provisions permit employers of tipped employees to pay wages less than the minimum wage, so long as employers comply with

---

[1] The Proper Defendant in this matter is S&W Chicago LLC.

certain requirements of the tip-credit provisions. *See* 29 U.S.C. § 203(m). Among the practices that Plaintiff alleges that Defendant used to deny him and the proposed classes their earned wages are the following: (a) requiring servers and other tipped employees to perform duties outside their tipped positions; (b) requiring servers to share tips with non-tipped employees; (c) failing to inform tipped employees of the provisions of the tip credit subsection of the FLSA, and (d) paying overtime wages at an incorrect regular rate of pay.

Defendant denies it violated the IMWL, the IWPCA, the FLSA, and/or any other statutory or common law claim that has been or could be asserted in this case.

Plaintiff seeks to certify his Illinois state law IMWL and IWPCA claims as a class action under Fed.R.Civ.P. 23. Plaintiff has not pleaded a collective action under the FLSA, 29 U.S.C. §216(b).

Defendant denies that this case should be certified as a class action under Fed. R. Civ. P. 23.

Plaintiff seeks his unpaid overtime and other wages, statutory penalties, and reasonable attorneys' fees under the FLSA, IMWL, and the IWPCA. Plaintiff also seeks injunctive relief precluding Defendant from violating the Illinois Minimum Wage Law.

Defendant denies Plaintiff is entitled to any relief sought.

Discovery in this matter has not yet initiated, and as such Plaintiff is unable to itemize his damages at this time.

**2.     Outline of Draft Scheduling Order**

The parties propose a discovery scheduling order as follows:

    a)    The parties shall have until <u>July 24, 2009</u> to make Rule 26(a)(1) disclosures.

    b)    The parties propose that all amendments to the pleadings and/or joinder of additional parties may be sought upon appropriate motion by <u>November 20, 2009</u>. Amendments thereafter may be made only on motion for good cause shown.

    c)    The parties proposes that the cut off for fact discovery shall be set for April 30, 2010.

           The Defendant propose discovery be bifurcated in two stages: liability and damages. <u>The cutoff of fact discovery on liability shall be set for March 1, 2010. The parties shall have until April 1, 2010 to file any dispositive motions related to liability. Should the Court find a trial on the claims necessary, the parties anticipate requiring approximately five months to conduct discovery related to damages. Plaintiff does not agree that discovery should be bifurcated in two stages.</u>

    d)    The parties cannot t currently assess the need for expert discovery. Should discovery be bifurcated and should the parties need expert discovery on liability, Plaintiff's Expert disclosure date shall be set for <u>March 15, 2010</u> and Defendants' Expert disclosure dates shall be set for <u>April 15, 2010</u>. Should the parties need expert discovery on damages, Plaintiff's Expert Disclosure date shall be set for same date as the close of damages discovery and Defendants' Expert disclosure date shall be set for 30 days later. If the case is not bifurcated, then Plaintiff's expert disclosure shall be May 30, 2010 and Defendant's expert disclosure shall be June 30, 2010.

**3.     Trial Status**

Plaintiff has requested a trial by jury in this matter. At this time, the parties are unable to assess the probable length of trial.

**4.     Consent to Proceed Before a Magistrate Judge**

The parties do not consent to have their case proceed before a magistrate judge.

**5.     Settlement Status**

The parties have discussed the possibility of settlement. In light of Plaintiff's class action allegation, the parties agree that settlement discussions are premature at this time. Nonetheless, the parties are prepared to attend, in good faith, the Settlement Conference scheduled for July 15, 2009.

Dated: July 10, 2009

Respectfully submitted,

| | |
|---|---|
| s/Douglas M. Werman (with consent) | s/Rebecca Pratt Bromet |
| One of the Attorneys for Plaintiff | One of the Attorneys for Defendant |

Douglas M. Werman
Maureen A. Bantz
David Stevens
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312/419-1008

Richard J. (Rex) Burch
Bruckner Burch PLLC
1415 Louisiana, Suite 2125
Houston, Texas 77002
713-877-8788

Attorneys for Plaintiff

Robert S. Whitman (*pro hac vice*)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Brigitte M. Duffy (*pro hac vice*)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4800

Rebecca Pratt Bromet
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

CH1 11762853.1