IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD SCHMIDT, individually and on behalf of the class defined herein,<br><br>Plaintiff,<br><br>v.<br><br>SMITH & WOLLENSKY, LLC,<br><br>Defendant. | No. 09 C 2752<br><br>Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Gerald Schmidt ("Plaintiff") brings this action alleging that Smith & Wollensky, LLC ("Defendant") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/1 *et seq.* (R. 9, Pl.'s First Am. Compl.) Currently before the Court is Plaintiff's motion to certify two classes pursuant to Federal Rule of Civil Procedure 23. (R. 47, Pl.'s Mot. for Class Cert. ("Pl.'s Mot.").) For the following reasons, the motion is granted.

## BACKGROUND

On May 5, 2009, Defendant filed a notice of removal in this Court seeking to remove Plaintiff's complaint from the Circuit Court of Cook County to the Northern District of Illinois. (R. 1, Notice of Removal.) Plaintiff did not seek to remand and instead filed an amended four-count federal complaint on May 26, 2009. (R. 9, Pl.'s First Am. Compl.) In Counts I and II, Plaintiff brings individual claims for violations of the minimum and overtime wage provisions of the FLSA. (*Id.* at 3-5.) In Count III, Plaintiff alleges that Defendant failed to pay tipped

1

employees their earned minimum wages in violation of the IMWL. (*Id.* at 5-8.) Plaintiff seeks to bring this claim on behalf of other similarly situated individuals and requests that this Court certify a class (hereinafter, the "Minimum Wage Class")[1] defined as follows:

> "[a]ll persons employed by Defendant Smith & Wollensky, LLC, from March 25, 2006, to the conclusion of this action, who worked as tipped employees earning a sub-minimum, tip credit wage rate."

(R. 11, Pl.'s Mem. for Class Cert. ("Pl.'s Mem.") at 8.) In Count IV, Plaintiff alleges that Defendant failed to pay its employees all their earned overtime pay for time worked in excess of 40 hours in violation of the IMWL. (R. 9, Pl.'s First Am. Compl. at 8-10.) Again, Plaintiff seeks to bring this claim on behalf of other similarly situated individuals and requests that this Court certify a class (hereinafter, the "Overtime Wage Class") defined as follows:

> "[a]ll persons employed by Defendant Smith & Wollensky, LLC, from March 25, 2006, to the conclusion of this action, who worked as tipped employees, and who worked more than forty (40) hours in any single workweek and who were paid overtime compensation at a rate less than one and one half the then-applicable minimum wage minus the applicable tip credit."

(R. 11, Pl.'s Mem. at 8.)

## LEGAL STANDARD

A plaintiff seeking class certification has the burden of proving that the proposed class meets the requirements of Rule 23. *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000). A class may be certified if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

---

[1] Rule 23(c)(4) permits a class action to brought with respect to "particular issues." Fed. R. Civ. P. 23(c)(4).

2

and (4) the representative parties will fairly and adequately protect the interests of the class."
Fed. R. Civ. P. 23(a). Failure to meet any of the requirements of Rule 23(a) precludes class certification. *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993); *Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831, 835 (N.D. Ill. 2008). If all four requirements are met, the potential class must also satisfy at least one provision of Rule 23(b). *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992).

A district court has "broad discretion" to determine whether the proposed class meets the requirements of Rule 23. *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008). In deciding whether to certify a class, the court may probe beyond the pleadings to make whatever factual or legal inquiries are necessary to determine whether class treatment is appropriate. *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 677 (7th Cir. 2001).

**ANALYSIS**

Plaintiff argues that claims to recover minimum and overtime wages under the IMWL, are "customarily certified class actions by Illinois state and federal courts" and that both of the proposed classes meet the requirements of Rule 23(a) and Rule 23(b)(3). (R. 48, Pl.'s Mem. at 9-10.) Defendant, however, contends that class certification should be denied because Plaintiff fails to satisfy Rule 23(a)'s requirements. (R. 53, Def.'s Resp. in Opp'n to Pl.'s Mot. for Class Cert. ("Def.'s Resp.") at 3.) In addition, Defendant argues that under Rule 23(b)(3) Plaintiff

3

"cannot establish that common issues will predominate or that a class action would be a superior method for resolving the claims."[2] (*Id.*)

**I. Rule 23(a)**

**A. Numerosity**

The first requirement under Rule 23(a) is that the purported class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "While there is no threshold or magic number at which joinder is impracticable, a class of more than 40 members is generally believed to be sufficiently numerous for Rule 23 purposes." *Ringswald v. County of DuPage*, 196 F.R.D. 509, 512 (N.D. Ill. 2000) (citations omitted). Further, "a plaintiff does not need to demonstrate the exact number of class members as long as a conclusion is apparent from good-faith estimates." *Barragan v. Evanger's Dog & Cat Food Co., Inc.*, 259 F.R.D. 330, 333 (N.D. Ill. 2009). Courts rely on "common sense" to determine whether an estimate of class size is reasonable and estimates "may not be based on pure speculation." *Murray v. E\*Trade Fin. Corp.*, 240 F.R.D. 392, 396 (N.D. Ill. 2006).

To establish numerosity for both the Minimum Wage and the Overtime Wage classes, Plaintiff provides a list of employee ID numbers generated from Defendant's payroll system. (R. 48, Pl.'s Mem., Ex. 31.) Plaintiff claims that this list "establishes that at least 146 persons have worked as servers for Defendant during the applicable limitations period." (*Id.* at 10.) While

---

[2] Defendant also makes several arguments related to meal deductions and other evidence (or lack thereof) that Plaintiff will be able to establish relating to the ultimate issues of this case. (*See, e.g.*, R. 53, Def.'s Resp. at 10 ("And although his motion asserts that servers had to tip out other non-tipped employees, he has offered no factual support for this assertion.").) This Court must evaluate the class certification motion without regard to the ultimate merits of Plaintiff's claims. *Cicilline*, 542 F. Supp. 2d at 835. Therefore, such arguments will be disregarded.

4

Defendant does not dispute numerosity for the Minimum Wage Class, it argues that Plaintiff "does not provide any indication as to the number of potential class members in his proposed [Overtime Wage Class]." (R. 53, Def.'s Resp. at 11.)

The Court acknowledges that Plaintiff does not indicate that every employee in the provided list of servers worked overtime. (*See* R. 48, Pl.'s Mem., Ex. 31.) Plaintiff, however, does provide payroll records from April 2006 to September 2006 indicating overtime hours for several employees.[3] (R. 48, Pl.'s Mem., Ex. 30.) Given the number of overtime employees during this six-month period, the Court finds that it is reasonable to conclude that the number of employees who worked overtime during the four-year proposed class period will be "sufficiently numerous." *See Ringswald*, 196 F.R.D. at 512. As such, the Court finds that Plaintiff has met the numerosity requirement for both proposed classes.

## B. Commonality

The second requirement under Rule 23(a) is that the plaintiff must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requires that the claims of individual class members arise from a "common nucleus of operative fact," and is satisfied where the defendant "engaged in standardized conduct towards members of the proposed class." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). "Not all factual or legal questions raised in the litigation need to be common," however, there must be at least one issue common to all class members. *Walker v. Bankers Life & Cas. Co.*, No. 06 C 6906, 2007 U.S. Dist. LEXIS 73502, at *10 (N.D. Ill. Oct. 1, 2007) (citation omitted). Accordingly, class

---

[3] Based on the Court's analysis, it appears that fourteen out of the thirty-five employees that Plaintiff provided payroll data worked overtime during the period of April 2006 to September 2006. (R. 48, Pl.'s Mem., Ex. 30.)

5

certification cannot be defeated simply because there are some factual variances among the proposed members. *Id.*

Here, Plaintiff claims that the Minimum Wage Class was subjected to an unlawful tip pool by being required to "tip out" non-tipped and absent employees and was "regularly" paid tip-credit wages while they engaged in non-tipped duties.[4] (R. 9, Pl.'s First Am. Compl. at 5-8.) In addition, Plaintiff alleges that Defendant failed to pay the Overtime Wage Class all of their overtime pay for time worked in excess of 40 hours per week and improperly took a tip credit for overtime hours that it did pay. (*Id.* at 8-10.) The Court finds that allegations of such standardized conduct arises from a "common nucleus of operative fact"; therefore, commonality is satisfied.

## C. Typicality

The third Rule 23(a) requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement "directs the court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *Retired Chi. Police Ass'n*, 7 F.3d at 597. Whether a plaintiff's claims are typical under Rule 23(a)(3) is closely related to the commonality inquiry. *Keele*, 149 F.3d at 595. A claim is typical if it "arises from the same event

---

[4] Plaintiff also contends that the proposed Minimum Wage Class members were not informed of the provisions of the tip credit in violation of the FLSA. (R. 48, Pl.'s Mem. at 11.) The Court acknowledges that the Illinois Administrative Code provides that "FLSA regulations are to be used as guidance in interpreting the IMWL." 56 Ill. Adm. Code §210.120. Plaintiff, however, does not explain how this notion of "guidance" requires that under the IMWL a defendant must notify its tipped employees as required by the FLSA. The Court finds that Plaintiff's arguments based on notice violations of the FLSA are not relevant to the IMWL class certification inquiry.

6

or practice or course of conduct that gives rise to the claims of other class members and . . . [is] based on the same legal theory." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (citation omitted). Typicality is based on the defendant's conduct and the plaintiff's legal theory, not particularized defenses the defendant may have against certain class members. *Wagner v. NutraSweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996).

The Court finds that Plaintiff's claims are typical of the proposed Minimum Wage and Overtime Wage classes because the claims arise out of Defendant's alleged standardized conduct: failing to compensate Plaintiff and members of the proposed classes consistent with the minimum and overtime wage provisions of the IMWL. (*See* R. 9, Pl's First Am. Compl. at 5-12.) Even if there are slight factual distinctions among members of the proposed classes, Defendant's alleged behavior affected the class similarly, therefore typicality is satisfied. *See Oshana*, 472 F.3d at 514 (the typicality requirement may be met despite "some factual variations" between the claims of a plaintiff and those of other class members).

Defendant argues that the proposed Overtime Wage Class is "overly broad" and that based on Plaintiff's evidence, "the class must be limited to *servers* who worked more than forty hours in any given week *during the period of March 25, 2006 to December 2006*." (R. 53, Def.'s Resp. at 12 (emphasis in original).) The Seventh Circuit has instructed that a class definition is "too broad" if it "sweeps within it persons who could not have been injured by the defendant's conduct." *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009). Here, the Overtime Wage Class includes not just servers, but all "tipped employees" that "were paid overtime compensation at a rate less than one and one half the then-applicable minimum wage minus the applicable tip credit" from March 25, 2006, to the conclusion of this action. (R. 11,

7

Pl.'s Mem. at 8.) Even if the evidence establishes that the underpayment of wages occurred only for a finite period of time, the Court finds that the Overtime Wage Class definition is not "too broad," as it appropriately includes those employees who "could" have been injured by Defendant's alleged conduct. *See Kohen*, 571 F.3d at 677 ("a class will often include persons who have not been injured by the defendant's conduct; indeed this is almost inevitable because at the outset of the case many of the members of the class may be unknown, or if they are known still the facts bearing on their claims may be unknown").

Accordingly, the Court finds that Plaintiff's claims are typical of the members of his proposed Minimum Wage and Overtime Wage classes.

### D. Adequacy

Rule 23(a)(4) requires that a class representative be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Meeting the burden of this standard is "not difficult." *Wahl*, 243 F.R.D. at 298 (citations omitted). To determine if a named plaintiff has met the adequacy requirement, the Court must ask whether the individual: "(1) has antagonistic or conflicting claims with other members of the class; (2) has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) has counsel that is competent, qualified, experienced and able to vigorously conduct the litigation." *Id.*

Defendant argues that Plaintiff has not established that he is an adequate class representative.[5] (R. 53, Def.'s Resp. at 12.) Specifically, Defendant claims that Plaintiff "has

---

[5] Defendant does not challenge the competency of Plaintiff's counsel. (*See* R. 53, Def.'s Resp.) Nevertheless, this Court notes that Plaintiff's counsel is qualified to serve as class counsel in the pending litigation because they are highly experienced attorneys and have acted as class counsel in similar actions in federal and state courts. (*See* R. 48, Pl.'s Mem., Ex. 32, Decl. of Douglas M. Werman; Ex. 33, Decl. of Richard J. Burch; Ex. 34, Decl. of David E. Stevens.)

8

not presented any evidence that he understands the claims in this matter or that he is involved in prosecuting this case." The Court disagrees. The declarations from Plaintiff's counsel indicate that Plaintiff has assisted in preparing the present motion, sat for a deposition, answered written discovery, and is committed to assisting counsel and the proposed classes in the future. (*See* R. 48, Pl.'s Mem., Ex. 32, Decl. of Douglas M. Werman ¶ 12 & Ex. 33, Decl. of Richard J. Burch ¶ 12.) Moreover, Plaintiff's deposition testimony illustrates that he has a basic understanding of the claims against Defendant. (*See* R. 55, Pl.'s Reply, Ex. C at 289-92.) As such, the Court finds that Plaintiff understands his claims and is sufficiently involved in the litigation. *See Wahl*, 243 F.R.D. at 298 ("an adequate class representative must maintain only an understanding of the basic facts underlying the claims, some general knowledge, and a willingness and ability to participate in discovery").[6]

Accordingly, Plaintiff has met the adequacy requirement and satisfied all of the Rule 23(a) requirements for class certification.

## II. Rule 23(b)(3)

Rule 23(b)(3) requires that a plaintiff show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the

---

[6] Defendant also questions Plaintiff's ability to serve as an adequate class representative because Plaintiff acknowledged that he did not always declare his cash tips on his taxes. (*See* R. 53, Def.'s Resp. at 12-13.) Defendant argues that this makes his "honesty and integrity" questionable. (*Id.*) The Court is not persuaded by this argument. Such conduct provides no basis to indicate that Plaintiff cannot serve as an adequate class representative in this case, as convicted felons have served as class representatives in other class actions. *See Streeter v. Sheriff of Cook County*, 256 F.R.D. 609, 613 (N.D. Ill. 2009) (collecting cases) ("there are hundreds of cases in this district alone where prisoners or pretrial detainees with criminal convictions have served as class representatives").

controversy." Fed. R. Civ. P. 23(b)(3). The Supreme Court has explained that the "predominance" and "superiority" requirements of Rule 23(b)(3) serve to limit class certification to cases where "a class action would achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (citation omitted); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 164 (stating that Rule 23(b)(3) is often referenced as the "manageability" consideration and "encompasses the whole range of practical problems that may render the class action format inappropriate for a particular suit").

## A. Predominance

The Rule 23(b)(3) predominance requirement tests whether proposed classes are "sufficiently cohesive to warrant adjudication by representation." *Id.* at 623. The predominance criterion is "far more demanding" than Rule 23(a)'s commonality requirement. *Id.* at 624. A determination of predominance requires the Court to inquire how the case will be tried. *Hyderi v. Wash. Mut. Bank, FA*, 235 F.R.D. 390, 398 (N.D. Ill. 2006). "This entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class." *Id.* (citations omitted). Predominance is concerned with whether plaintiffs can, through their individualized cases, offer proof on a class-wide basis. *Id.*

Defendant claims that "issues specific to each server's claims for liability will necessarily predominate over class issues." (R. 53, Def.'s Resp. at 13.) Specifically, Defendant argues that an individualized inquiry is necessary to determine what each employee understood about the tip

credit and whether each employee believed that tipping out other employees was mandatory.[7] (*Id.*) Again, the Court disagrees. The allegations related to the proposed classes require the Court to determine whether Defendant's policies and practices regarding tipped employees are adequate as a matter of law. Such a determination is susceptible to common proof as required to establish predominance. *See Streeter*, 256 F.R.D. at 614 ("When a proposed class challenges a uniform policy, the validity of that policy tends to be the predominant issue in the litigation."); *see also Driver v. AppleIllinois, LLC*, 265 F.R.D. 293, 303 (N.D. Ill. 2010) ("Plaintiffs' burden at the class certification stage is not to prove every element of liability, but rather to demonstrate that the elements of liability are capable of proof at trial through evidence that is common to the class rather than individual to the members."). In addition, the fact that there may be individual damage determinations does not alter the Court's conclusion. *See Arreola*, 546 F.3d at 801 ("Although the extent of each class member's personal damages might vary, district judges can devise solutions to address that problem if there are substantial common issues that outweigh the single variable of damages amounts.").

In sum, Plaintiff's claims share a common factual basis and a ruling from the Court will make a legal determination applicable to all class members. The Court therefore finds that the predominance requirement is met.

### B. Superiority

The final requirement for certification is "that a class action is superior to other available

---

[7] Defendant also makes arguments about the individualized inquiry necessary to determine when the statute of limitations began to run to determine whether notice was given under the FLSA. (See R. 53, Def.'s Resp. at 13.) Again, the Court is not convinced that issues related to liability under the FLSA are relevant to the present IMWL class certification motion.

methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Defendant argues that a class action is not superior because "this case will require highly individualized inquiries into the facts."[8] (R. 53, Def.'s Resp. at 13-14.) However, as previously discussed, this case presents issues that are shared by members of the proposed classes. Class certification is more efficient than individual suits to deal with these common questions. *See Barragan*, 259 F.R.D. at 334-35 (determining that because of "its benefits of consistency and efficiency," a class action was the superior method of resolving the IMWL controversy). Accordingly, superiority is satisfied.

## CONCLUSION

For the reasons set forth above, we find that Plaintiff has successfully demonstrated that the proposed classes satisfy the requirements of Rule 23(a) and Rule 23(b)(3). Plaintiff's motion for class certification (R. 47) is therefore GRANTED. The Court will permit Plaintiff to represent the following classes:

> Minimum Wage Class: all persons employed by Defendant Smith & Wollensky, LLC, from March 25, 2006, to the conclusion of this action, who worked as tipped employees earning a sub-minimum, tip credit wage rate.
>
> Overtime Wage Class: all persons employed by Defendant Smith & Wollensky, LLC, from March 25, 2006, to the conclusion of this action, who worked as tipped employees, and who worked more than forty (40) hours in any single workweek and who were paid overtime compensation at a rate less than one and one half the then-applicable minimum wage minus the applicable tip credit.

The parties are directed to reevaluate their settlement positions in light of this opinion and

---

[8] Defendant also argues that because Plaintiff has not met his burden of demonstrating numerosity for the proposed Overtime Wage class, a class action is not a superior method for resolving the claim. (R. 53, Def.'s Resp. at 14.) However, the Court has already determined that the Overtime Wage Class is sufficiently numerous. Therefore, this argument fails.

to exhaust all efforts to settle this case.

ENTERED:

Ruben Castillo
United States District Court

**Dated: July 26, 2010**